[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE #113
The plaintiff, Danielle M. O'Neil, filed a two-count amended complaint dated August 21, 1997 against the defendants, Volkswagen of America, Inc. (Volkswagen) and Riverbank Motors Corp. (Riverbank). The plaintiff alleges that on June 4, 1995 she was involved in an automobile accident, causing the driver's side airbag on her 1995 Jetta to deploy, causing her to sustain injuries to her left forearm. The plaintiff alleges that due to her size and weight, a proximate cause of her injuries were the inherent dangers associated with the deployment of the airbag, and that Volkswagen should have warned the plaintiff of these dangers. The plaintiff further alleges that she leased the 1995 Jetta from Riverbank on or about April 19, 1995 based on Riverbank's representations that the 1995 Jetta was a safe automobile, and that Riverbank failed to warn the plaintiff of the dangers of the driver's side airbag.
On November 12, 1997, Volkswagen and Riverbank (the defendants) filed amended answers and special defenses to the plaintiff's amended complaint. In their special defenses, the defendants allege that the plaintiff's injuries, losses or damages were caused in substantial part by the negligence, misuse and culpable conduct of the plaintiff.[1]
On December 2, 1997, the plaintiff filed a motion to strike the special defenses on the ground that they are not valid special defenses to the plaintiff's products liability action under General Statutes § 52-572 et seq. The defendants filed a memorandum of law in opposition to the plaintiff's motion to strike on December 23, 1997. The matter was heard by the court on January 5, 1998.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to CT Page 1395 state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff. . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citations omitted; internal quotation marks omitted.) Faulkner v. United TechnologiesCorp. , 240 Conn. 576, 580, 693 A.2d 293 (1997). In ruling upon a motion to strike, "the trial court [is obliged] to take the facts to be those alleged in the special defenses and to construe the defenses in the manner most favorable to sustaining their legal sufficiency." Connecticut National Bank v. Douglas,221 Conn. 530, 536, 606 A.2d 684 (1992).
The plaintiff alleges that the defendants have not alleged a proper special defense under General Statutes § 52-572m et seq., because their allegations of misuse of the product do not contain allegations of unforeseeable misuse, as required by General Statutes § 52-572p. The plaintiff argues that it is reasonably foreseeable that an airbag would be deployed due to impacts caused by the negligent use of the vehicle, such as the specific types of common law negligence listed by the defendants. The plaintiff also argues that the defendants have failed to plead facts showing that the plaintiff used the automobile in a manner other than for its intended use.
The defendants argue that the plaintiff's claims are governed by the Connecticut Products Liability Act, which is intended to create the exclusive remedy for all claims of injury and property damage allegedly caused by defective products. The defendants argue that § 52-572 (p) does not apply here, because there has been no modification or alteration of the automobile, and because that statute applies to modifications and alterations made by third parties. The defendants also argue that comparative responsibility is provided for under General Statutes § 52-572 (o), formerly § 52-572 (l).
In the case of Elliot v. Sears Roebuck Co.,229 Conn. 500, 642 A.2d 709 (1994), the Supreme Court held that common law misuse of a product could be asserted as a special defense to a claim brought under the Act. The court defined the common law defense of misuse as occurring "when a product is not used in a manner which should have been foreseen by the defendant." (Internal quotation marks omitted.) Id., 506. The court went on to hold that "the § 52-572p alteration/modification defense CT Page 1396 does not apply to the conduct of a claimant . . . ." Id., 510-11. Noting that its conclusion that § 52-572p did not cover alterations or modifications made by claimants, which would otherwise leave the defense of misuse on the part of a claimant without an express statutory basis in the Act, the court held that "it is apparent that the legislature did not intend to eliminate consideration of the claimant's conduct in determining liability or the amount of damages." Id., 514. Indeed, the court specifically held that "comparative responsibility under § 52-572o is applicable to the common law misuse defense." Id., 516.[2] Therefore, the defendants may assert common law special defenses of misuse to the plaintiff's product liability claim under the Act.
"To prevail on the defense of product misuse, [the defendants must] establish that [the product] was misused, that the misuse was not foreseeable and that the misuse was the proximate cause of the plaintiff's injuries." Hoey v. Textron, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 270203 (October 15, 1993, Lager, J.) (8 C.S.C.R. 1234). Here, the special defenses state only that "[t]he occurrence referred to in the complaint and any injuries, losses or damages alleged to have resulted therefrom were caused in substantial part by the negligence, misuse and culpable conduct of the plaintiff . . . ." Thus, the defendants' special defenses are legally insufficient because they have failed to plead facts showing that the plaintiff's alleged misuse of the product was not foreseeable. Further, the product here is the airbag, which is supposed to deploy in the presence of collision forces, making it irrelevant who or what caused the underlying collision. Accordingly, the plaintiff's motion to strike the special defenses of the defendant is granted.
SKOLNICK, JUDGE